Elizabeth R. Loveridge, #6025
David A. Nill, #8784
**WOODBURY & KESLER, P.C.**
525 East 100 South, Suite 300
P.O. Box 3358
Salt Lake City, UT 84110-3358
Tel: (801) 364-1100
Fax: (801) 359-2320
eloveridge@wklawpc.com
dnill@wklawpc.com Attorneys for Chapter 7 Trustee

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re:<br><br>**Thomas Michael Kirchoff**<br><br>Debtor. | Bankruptcy. Case No.  13-26704<br><br>Chapter 7<br><br>Hon. William T. Thurman |
|---|---|

### MOTION TO TURN OVER PROPERTY OF THE ESTATE

Elizabeth R. Loveridge, Chapter 7 Trustee of the Thomas Michael Kirchoff bankruptcy estate, under 11 U.S.C. § 542, moves for an order requiring Thomas Michael Kirchoff (the "Debtor") to deliver to the Trustee copies of filed Federal and State tax returns for 2008 through 2012, all tax refunds received for 2008 through 2012, an inventory of items held by Debtor for Paul Bartholomew, an inventory of all business assets sold to Debtor's wife in sale of business, and copies of all documents related to or referring to the sale of business to Debtor's wife. The basis for the Motion is that the tax returns, refunds, personal property inventory, business inventory and business sale documents are estate property that the Trustee may use to investigate the bankruptcy estate and may lead to assets recoverable for the benefit of creditors.

## FACTS

1. The Debtor filed a Chapter 7 bankruptcy petition on January 30, 2013 (the "Petition Date").

2. At the first meeting of creditors the Debtor reported that he had not filed tax returns since 2008.

3. The Trustee directed the Debtor to file tax returns for 2008 through 2012 and to turn over the returns and any refunds received to the estate.

4. The Debtor reported that he held property belonging to Paul Bartholomew, but did not identify the property.

5. The Trustee requested that the Debtor provide an inventory of Mr. Bartholomew's property in the possession of the Debtor.

6. The Debtor reported that he sold his business to his wife.

7. The Trustee requested that the Debtor provide an inventory of the business assets that the Debtor transferred to his wife.

8. The Trustee also requested that the Debtor provide all documents showing the sale of the business to the Debtor's wife.

9. The Debtor did not comply with any of the Trustee's requests.

## ARGUMENT

Anyone in possession of estate property that a trustee may use or sell must deliver that property to the trustee and account for its value. 11 U.S.C. § 542 (a)

A trustee may compel delivery of property to the estate by requesting a Court Order. The trustee must demonstrate: 1) that during the case, an entity other than a custodian had possession of

property; 2) that the trustee could sell, use or lease the property, and 3) that the property has value to the estate or will benefit the estate. 11 U.S.C. § 542 (a); *Dill v. Mataya (In re Indian Capitol Distributing, Inc.),* 2011 WL 4543954, *1 (Bankr.D.N.M. 2011) citing *In re U.S.A. Diversified Products, Inc.,* 193 B.R. 868, 872 (Bankr.N.D.Ind. 1995).

The Debtors has possession, custody or control of the Federal and State tax returns for 2008 through 2012 along with tax refunds received from those years. The Debtor also has possession of the information regarding Mr. Bartholomew's assets, the business assets, and the documents regarding the sale of the Debtor's business to his wife. The tax returns, refunds, personal property inventory, business inventory, and business documents are of use to the estate, and are of consequential value because they can be used to investigate the Debtor's financial affairs and may show avoidable transfers or assets that can be recovered for the benefit of the creditors of the estate.

## .CONCLUSION

The Debtor must turn over property of the estate that the Trustee can use. The Trustee can use the Federal and State tax returns for 2008 through 2012, tax refunds from those years, personal property inventory, business inventory and business sale documents to investigate potential avoidance actions and assets. The Court should order the Debtor to turn over these documents and records within fourteen (14) days from the date of the entry of order.

DATED  January 30, 2014.

**WOODBURY & KESLER, P.C.**

_____/s/_____
David A. Nill
Attorneys for Elizabeth R. Loveridge
Chapter 7 Trustee

**CERTIFICATE OF SERVICE—BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

    I certify that on January 30, 2014, I electronically filed the **MOTION TO TURN OVER PROPERTY OF THE ESTATE** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system:

U.S. Trustee USTPRegion19.SK.ECF@usdoj.gov
Sarah J. Beck sarah.beck@utahbankrputcylawcenter.com

                                                      _____/s/_____
                                                            Kasey MacRae

**CERTIFICATE OF SERVICE—MAIL, OTHER**

    I certify that on January 30, 2014, I served a copy of the **MOTION TO TURN OVER PROPERTY OF THE ESTATE** as follows:

**Mail Service—by regular first class United States mail, postage fully pre-paid, addressed to:**

    Thomas Michael Kirchhoff
    8088 Mountain Oaks Circle
    Salt Lake City, UT 84121-5932

**Email service—by Email to:**

    Sandra Jones; sljones@utah.gov

    Elizabeth Shaffer; eshaffer@lawparkcity.com

                                                      _____/s/_____
                                                            Kasey MacRae